**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-02866

ANGELIKA C. BOOTHROYD,

Plaintiff,

v.

THE CREDIT PROS INTERNATIONAL, LLC,

Defendant.

---

# COMPLAINT

---

NOW comes ANGELIKA C. BOOTHROYD ("Plaintiff"), by and through the undersigned, complaining as to the conduct of THE CREDIT PROS INTERNATIONAL, LLC ("Defendant") as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Credit Repair Organizations Act ("CROA") under 15 U.S.C. § 1679 *et seq.* as well as the Colorado Credit Services Organization Act ("CCSOA") pursuant to Colo. Rev. Stat. § 5-19-101 *et seq.* stemming from Defendant's unlawful conduct.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the CROA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1679, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business within the District of Colorado and a substantial portion of the events or omissions giving rise to the claims occurred within the District of Colorado.

## PARTIES

4. Plaintiff is a consumer over 18 years of age residing in Pueblo, Colorado, which lies within the District of Colorado.

5. Defendant is a credit repair organization offering consumers the ability to improve their credit through its offered services. Defendant is a limited liability company organized under the laws of the state of Florida with its principal place of business located at 7750 Okeechobee Boulevard, Suite 4-765, West Palm Beach, Florida 33411.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. In approximately September of 2020, Plaintiff was looking for assistance with improving her credit score and began looking into various credit repair companies for assistance.

8. In connection therewith, Plaintiff received a solicitation from Defendant touting its services and its ability to assist consumers in improving their credit.

9. Defendant represented that its services would improve Plaintiff's credit, as Defendant would assess the information that was negatively impacting Plaintiff's credit, and subsequently submit disputes to the credit reporting agencies seeking to have that information removed.

10. Defendant affirmatively represented that the information would be disputed and would be removed from Plaintiff's credit, regardless of whether the disputed information was accurate or otherwise could properly be removed from Plaintiff's credit.

11. Defendant further told Plaintiff that, through its services, she would be able to get a $5000 credit line to show she had revolving positive credit, which would further improve her credit.

12. Finding desirable the nature of Defendant's representations, Plaintiff subsequently entered into a contract with Defendant for its provision of services and began making monthly payments.

13. Plaintiff maintained her payments to Defendant for approximately 6 to 8 months.

14. Despite Plaintiff's maintenance of her payments, Respondent failed to deliver the results or provide the services in the manner represented.

15. Plaintiff was never provided the revolving credit line which would have gone towards improving her credit.

16. Although Defendant represented that Plaintiff's credit score would improve through its services, Defendant's services did not have this impact.

17. Defendant was unable to get the extent of negative information removed from Plaintiff's credit as represented.

18. Upon information and belief, Defendant failed to get the information removed because it was challenging items that were accurate or which otherwise had no reasonable basis to be removed from Plaintiff's credit.

19. Defendant falsely, deceptively, and misleadingly represented the increase in credit score that Plaintiff would experience, and did so in order to extract payments from Plaintiff in connection with services whose qualities and benefits were misrepresented to Plaintiff.

20. Defendant further represented that it would, and upon information and belief subsequently did, submit disputes challenging information on Plaintiff's credit report without any indication that such information was inaccurate, obsolete, or could otherwise reasonably be removed from Plaintiff's credit reports.

21. Defendant thus falsely, deceptively, and misleadingly represented to Plaintiff the extent to which it could have the accurate and correctly-reporting information removed from her credit.

22. Defendant's conduct evinces an overarching deceptive business model that actively commits fraud, and similarly attempts to commit fraud, on unwitting consumers, as Defendant's conduct is designed to make vulnerable consumers believe they will experience results that are completely unrealistic and which Defendant ultimately fails to deliver and failed to deliver to Plaintiff.

23. Upon information and belief, Defendant is engaged in a pattern and practice of misrepresenting the results consumers can expect through its services on a wide and persistent basis and engages in this conduct as a matter of course with all consumers with which it deals.

24. Frustrated by the lack of results despite months of payments, Plaintiff cancelled his agreement with Defendant.

25. Despite Plaintiff's cancellation of his agreement with Defendant, Defendant failed to refund Plaintiff for payments made in connection with services Defendant ultimately failed to completely perform for Plaintiff.

26. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, emotional distress, aggravation, mental anguish, pecuniary loss stemming from the payments made to Defendant for deficient and misrepresented services, further out of pocket

expenses, as well as numerous violations of her state and federally protected interests to be free from deceptive and misleading conduct on the part of purported credit repair organizations.

## COUNT I – VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT

27. Plaintiff repeats and realleges paragraphs 1 through 26 as though fully set forth herein.

28. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1679a(1) of the CROA.

29. Defendant is a "credit repair organization" as defined by §1679a(3) of the CROA, as it is a person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of improving a consumer's credit, credit history, or credit rating, or providing assistance to any consumer with regard to any activity or service for the purpose of improving a consumer's credit.

### a. Violations of CROA § 1679b(a)

30. The CROA, pursuant to 15 U.S.C. § 1679b(a)(3) prohibits any person from "mak[ing] or us[ing] any untrue or misleading representation of the services of the credit repair organization." Additionally, pursuant to 15 U.S.C. § 1679b(a)(4), any person is prohibited from "engag[ing], directly or indirectly, in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization."

31. Defendant violated the above provisions of the CROA through the false and deceptive representations it made to Plaintiff regarding the efficacy of its offered services. Around the time Plaintiff signed up for Defendant's services and upon speaking with a representative of Defendant's over the phone, Defendant represented that Plaintiff would experience an increase in her credit score, and that such results would be delivered shortly after Plaintiff signed up.

Defendant subsequently failed to deliver these results despite Plaintiff making payments for months. Defendant's failure to deliver the represented results in the timeframe represented demonstrates the false, misleading, and fraudulent nature of the representations it made to induce Plaintiff to sign up for Defendant's services.

32. Defendant further violated the above provisions of the CROA through its general misrepresentations regarding the parameters of its dispute capabilities and the information that could reasonably be challenged and removed from Plaintiff's credit reports through Defendant's disputes. Around the time Plaintiff signed up for Defendant's services and spoke with a representative of Defendant's over the phone, Defendant represented and suggested to Plaintiff that it would be able to remove any information from Plaintiff's credit reports, regardless of whether it was inaccurate, obsolete, or otherwise could be removed from Plaintiff's credit. This is an inherently deceptive and misleading representation, as only inaccurate or obsolete information can be removed from consumers' credit profiles. Defendant misrepresented the information it could have removed in order to convince Plaintiff it could remove the information that was harming her credit and convince her to make thousands of dollars in payment, despite knowing the extent to which it could not reasonably have the extent of desired information removed from Plaintiff's credit.

33. Defendant further violated the above provisions of the CROA through its misrepresentations regarding the line of credit Plaintiff would receive. Around the time Plaintiff signed up for Defendant's services and spoke with a representative of Defendant's over the phone, Plaintiff was told she would receive a line of credit to assist in improving her credit. However, Plaintiff never received this benefit. Defendant deceptively and misleadingly represented that its

services would offer benefits and characteristics which it did not in an effort to oversell the beneficial and credit-improving nature of its services.

**b. Violations of CROA § 1679b(b)**

34. The CROA, pursuant to 15 U.S.C. § 1679b(b), provides that "[n]o credit repair organization may charge or receive any money or other valuable consideration for the performance of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed."

35. Defendant violated § 1679b(b) through its charging and receiving of money for services agreed to perform before such services were fully performed. Defendant improperly charged Plaintiff upfront fees before performing any work for Plaintiff. Defendant similarly failed to deliver the represented results yet retained Plaintiff's payments in violation of the CROA.

**c. Violation of CROA § 1679c**

36. The CROA, pursuant to 15 U.S.C. § 1679c, outlines various disclosures that CROs must provide to consumers prior to entering into contracts with consumers, further requiring that such disclosures be provided in a document separate from the contract at issue.

37. Defendant violated § 1679c through its provision of the required disclosures contemporaneously with Plaintiff's signing of the contract and in the same document which contained Plaintiff's contract.

**d. Violation of CROA § 1679d**

38. The CROA, pursuant to 15 U.S.C. § 1679d(a), provides that no services can be provided within three days of a consumer signing a contract.

39. Defendant violated § 1679d(a) through its provision of services within the three day period of Plaintiff's signing of the contract. Upon information and belief, as Defendant signs consumers up, it similarly provides services for which it later charges.

WHEREFORE, Plaintiff, ANGELIKA C. BOOTHROYD, respectfully requests that the Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff actual damages to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(1);

c. Awarding Plaintiff punitive damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(2)(A);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1679g(a)(3); and

e. Awarding any other relief as the Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE COLORADO CREDIT SERVICES ORGANIZATION ACT

40. Plaintiff restates and realleges paragraphs 1 through 39 as though fully set forth herein.

41. Plaintiff is a "buyer" as defined by Colo. Rev. Stat. § 5-19-103(1).

42. Defendant is a "credit services organization" as defined by Colo. Rev. Stat. § 5-19-103(2).

### a. Violations of Colo. Rev. Stat. § 5-19-104

43. The CCSOA, pursuant to Colo. Rev. Stat. § 5-19-104(1)(a), provides that no CSO shall "charge or receive any money or other valuable consideration prior to full and complete performance of the services the credit services organization has agreed to perform for the buyer."

44. Defendant violated § 5-19-104(1)(a) in much the same way it violated § 1679b(b) of the CROA.

45. The CCSOA, pursuant to Colo. Rev. Stat. § 5-19-104(1)(c), provides that no CSO shall "make or use any untrue or misleading representation in the offer or sale of the services of a credit services organization or engage, directly or indirectly, in any act, practice, or course of business that operates or would operate as fraud or deception upon any person in connection with the offer or sale of the services of a credit services organization."

46. Defendant violated § 5-19-104(1)(c) in much the same way it violated §§ 1679b(a)(3)-(4) of the CROA.

**b. Violations of Colo. Rev. Stat. § 5-19-105**

47. The CCSOA, pursuant to Colo. Rev. Stat. § 5-19-105, outlines required disclosures that must be provided by CSOs to consumers prior to entering in contracts with such consumers.

48. Defendant violated § 5-19-105 through its failure to provide Plaintiff the requisite disclosures and information prior to entering into a contract with Plaintiff.

WHEREFORE, Plaintiff, ANGELIKA C. BOOTHROYD, respectfully requests that the Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages pursuant to Colo. Rev. Stat. § 5-19-111(1);

c. Awarding Plaintiff punitive damages pursuant to Colo. Rev. Stat. § 5-19-111(2);

d. Awarding Plaintiff's costs and reasonable attorney fees, pursuant to Colo. Rev. Stat. § 5-19-111(1); and,

e. Awarding any other relief the Honorable Court deems just and appropriate.

Dated: October 31, 2023 Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)
Nathan C. Volheim, Esq. #6302103

*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com